■ DAVID M. GORDON, Appellant-Respondent, v LIN TV CORPORATION et al., Respondents-Appellants. [933 NYS2d 466]—

Memorandum: Plaintiff appeals and defendants cross-appeal from an order granting defendants' motion for summary judgment dismissing the complaint in this defamation action. We conclude at the outset that defendants are not aggrieved by the order dismissing the complaint and thus their cross appeal must be dismissed (*see Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488 [1978]). According to plaintiff, defendant Al Vaughters misidentified plaintiff as the president of a bankrupt investment fund during an evening news television broadcast on a station owned and operated by defendant LIN TV Corporation. We conclude that defendants met their burden of establishing their entitlement to judgment as a matter of law inasmuch as they did not act "in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199 [1975]). As the Court of Appeals noted in *Chapadeau*, a limited number of errors in news reporting is inevitable (*see id.* at 200), and the fact that defendants corrected the mistake within the same broadcast demonstrates that they strived for accuracy (*see Alicea v Ogden Newspapers*, 115 AD2d 233 [1985], *affd* 67 NY2d 862 [1986]). Because we conclude that defendants met their burden of demonstrating that they did not act in a grossly irresponsible manner, we do not address defendants' alternative ground for affirmance, i.e., that plaintiff was a limited purpose public figure and thus that the court should have applied the higher standard of demonstrating actual malice (*see generally New York Times Co. v Sullivan*, 376 US 254, 279-280 [1964]). Present—Scudder, P.J., Smith, Sconiers, Gorski and Martoche, JJ.